UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kayla Rose Smith, | Case No. 23-cv-1246 (NEB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael Segal, Warden, | |
| Respondent. | |

Petitioner Kayla Rose Smith filed a Petition for Writ of Habeas Corpus asking the Court to direct the Federal Bureau of Prisons ("BOP") to properly apply her First Step Act ("FSA") time credits to her sentence. (Doc. 1.) The Petition comes before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[1] and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Upon review, this Court recommends that the Petition be denied for failure to state a cognizable habeas claim.

On January 5, 2018, Ms. Smith pleaded guilty in the United States District Court for the Western District of Missouri to conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. *See United States v. Smith*, No. 4:16-cr-00036 (DGK)(5) (W.D. Mo. Jan. 5, 2018) (Doc. 223). She was

---

[1] Ms. Smith's Habeas Petition is not brought pursuant to 28 U.S.C. § 2254. Nevertheless, the Rules Governing Section 2254 Cases may be applied to her Petition. *See* Rule 1(b).

sentenced to a term of imprisonment of 140 months, followed by a four-year term of supervised release. (*Id.* at Doc. 349.) She is currently serving that term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca").

In her Habeas Petition, Ms. Smith makes two claims concerning the BOP's application of her FSA time credits. First, she contends that the law requires the BOP to apply earned FSA credits towards a prisoner's release date regardless of the prisoner's recidivism risk level. (Doc. 1 at 2.) Second, upon close review of Ms. Smith's Petition and accompanying exhibits, it appears that Ms. Smith also claims that she should receive FSA credits for each evidence-based recidivism reducing educational class or program or productive activity she has completed (or is in the process of completing). (Doc. 1-1, Ex. at 5.)

Both claims concern the implementation of the FSA, which allows eligible federal prisoners to earn credit against their sentence for participating in "evidence-based recidivism reduction programs or productive activities." 18 U.S.C. § 3632(d)(4)(A). The Court will address each claim in turn below.

Pursuant to 18 U.S.C. § 3632(d)(4)(C), FSA credits are applied towards a prisoner's supervised release or pre-release custody dates in accordance with 18 U.S.C. § 3624(g). Section 3624(g), in turn, further defines which prisoners are eligible for their FSA credits to be applied towards their pre-release and supervised release dates. Pursuant to 18 U.S.C. § 3624(g)(1)(D)(ii), for FSA credits to be applied to the prisoner's supervised release date, the prisoner must have been determined to be "a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Thus, read together, although all eligible

prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), only those whose risk recidivism levels are "minimum" or "low" are eligible for those FSA credits to be applied to their supervised release date.

Ms. Smith's risk recidivism level is medium.[2] (Doc. 1-1 at 4.) In accordance with 18 U.S.C. § 3624(g)(1)(D)(ii), therefore, she is flatly ineligible to have FSA credits applied towards her supervised release date. Thus, to the extent that Ms. Smith claims that the BOP erred in failing to apply her FSA credits against her supervised release date, such a claim fails as a matter of law.[3]

Pursuant to the FSA, time credits may also be applied towards a prisoner's pre-release custody date. To be eligible, however, the prisoner's recidivism risk level must either be "minimum or low" pursuant to the last two reassessments of the prisoner, or the prisoner to have "had a petition to be transferred to prerelease custody or supervised release approved by the warden of the prison . . . ." 28 U.S.C. § 3624(g)(1)(D)(i)(I)–(II).

Pre-release custody means placement in either home confinement or a residential reentry center ("RRC"). 18 U.S.C. § 3624(g)(2)(A)–(B). A habeas petitioner, however,

---

[2] Ms. Smith does not appear to contest her risk recidivism level. Her claim, rather, is that her level is irrelevant for the purposes of applying her earned FSA credits towards her release date. (Doc. 1 at 2.) Pursuant to 28 U.S.C. § 3624(g)(1)(D), however, a prisoner's recidivism risk level clearly *does* matter. Accordingly, Ms. Smith's argument fails as a matter of law.

[3] Because the law is clear, there is no need for the Court to engage in any *Chevron*-like analysis of the BOP's program statement concerning its interpretation of the law. *See Ortega-Marroquin v. Holder*, 640 F.3d 814, 818 (8th Cir. 2011) (explaining that "the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress") (quoting *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 842–43 (1984)).

may challenge only the fact or duration of her confinement. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Federal courts consider claims related to a prisoner's placement in home confinement or at an RRC as claims concerning the *place* of the prisoner's confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *see also Williams v. Birkholz*, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 20, 2021) ("A prisoner is transferred to home confinement not released to home confinement because home confinement is a place of incarceration."), *R. & R. adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Accordingly, to the extent that Ms. Smith contends that her earned FSA credits should be applied towards her pre-release custody, such claims do not attack the legality of her detention, only the place of that detention. As such, a writ of habeas corpus is not available as a remedy to address a claim alleging a failure to be placed in pre-release custody in violation of the law.[4] *See Jorgensen v. Birkholz*, No. 20-cv-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (explaining that the Court lacks subject matter jurisdiction to issue a write of habeas corpus where a prisoner was challenging the place—as opposed to the fact or direction—of his detention).

In sum, the law expressly states that Ms. Smith—whose risk of recidivism is "medium"—is not eligible to have her FSA credits applied to her supervised release date.

---

[4] It is worth noting, moreover, that "it is [] well established that prisoners do not have a constitutional right to placement in a particular facility or place of confinement." *United States v. James*, 15-cr-0255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020).

18 U.S.C. § 3624(g)(1)(D)(ii). Any claim related to her placement in pre-release custody under 18 U.S.C. § 3624(g)(1)(D)(i), moreover, is not cognizable as a habeas claim.

This leaves Ms. Smith's claim that she should earn FSA credits for each evidence-based recidivism reducing ("EBRR") program or productive activity ("PA") that she completes (or is in the process of completing). (Doc. 1-1 at 5.) According to 18 U.S.C. § 3632(d)(4)(A), eligible prisoners earn "10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" and a prisoner with a risk recidivism level of "minimum or low" may also be eligible to "earn an additional 5 days of time credits for every 30 days of successful participation" in such programming. 18 U.S.C. § 3632(d)(4)(A)(i)–(ii). In Ms. Smith's view of the statute, a prisoner enrolled in 10 evidence-based recidivism reduction programs simultaneously would earn 10 or 15 days of time credits each month for each one of those classes, or up to 150 credits in total.

Ms. Smith is one of many prisoners to offer this challenge to the BOP's interpretation of the FSA. But her interpretation of the FSA has been universally rejected, including repeatedly here in this District. *See Rice v. Segal*, No. 23-cv-0751, (D. Minn. Apr. 24, 2023) (Doc. 6); *Sisson v. Segal,* No. 23-cv-0548, (D. Minn. Apr. 14, 2023) (Doc. 5); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023); *accord Bray v. Yates*, No. 2:22-cv-142, 2023 WL 2894918, at *6 (E.D. Ark. Apr. 11, 2023) (citing *Burruss v. Hawkins*, No. H-22-2740, 2023 WL 319955, at *6 (S.D. Tex. Jan. 19, 2023)). This Court agrees with the analysis found in those cases. Section 3632(d)(4)(A) does not require that the BOP award credits for each *program* completed. Instead, prisoners

5

"shall earn . . . time credits for every 30 days of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). A prisoner who participates in one program or many programs simultaneously is equally "participati[ng] in evidence-based recidivism reduction programming," *id.*, and is equally eligible to receive the same amount of time credits. "Congress made clear that a prisoner earns First Step Act Time Credits based on the number of days in which they participate in eligible programs, not the number of eligible programs in which they participate." *Dale*, 2023 WL 2601215, at *5.

This Court therefore concludes that Ms. Smith is not entitled to habeas corpus relief and recommends that her Habeas Petition be denied.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings above, **IT IS RECOMMENDED** that Petitioner Kayla Rose Smith's Petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) be **DENIED**.

Dated: June 1, 2023                              __s/Douglas L. Micko_____
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those

objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).