UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| KAYLA ROSE SMITH, | Case No. 23-CV-1246 (NEB/DLM) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| MICHAEL SEGAL, Warden, | |
| Respondent. | |

Kayla Rose Smith, proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. Section 2241. Smith is currently an inmate at the Federal Correctional Institution in Waseca, Minnesota. She alleges that the Bureau of Prisons ("BOP") miscalculated her earned time credits and failed to apply them under the First Step Act of 2018 ("FSA"). In the Report and Recommendation, United States Magistrate Judge Douglas L. Micko recommends that Smith's petition be denied. (ECF No. 6 ("R&R").) Smith objects to the R&R.[1] (ECF No. 7.) Based on a *de novo* review, the Court overrules Smith's objection and accepts the R&R.

---

[1] Smith raises new claims and arguments unrelated to her petition in her objection. (ECF No. 7 at 1–3.) "A party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (citation omitted). "To hold otherwise would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). Because Smith failed to raise these claims and arguments before Judge Micko, the Court will not consider them. *See Ridenour*, 679 F.3d at 1067.

The FSA provides that eligible prisoners earn time credits based on the number of "days" they participate in "evidence-based recidivism reduction programming." 18 U.S.C. § 3632(d)(4)(A)(i) ("A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming . . . ."). Smith, who has taken several evidence-based recidivism reduction programs simultaneously, claims that the Bureau of Prisons ("BOP") miscalculated her time credits and failed to apply her time credits. (ECF No. 1 at 2, 6–7.)

*Calculation of time credits.* Smith calculates her time credits based on the number of evidence-based recidivism reduction *programs* that she has completed, not the number of *days* she spent in those programs. (*See, e.g.*, ECF No. 1-1 at 5.)

The BOP interprets the FSA to award credits based on days spent in programming, not the volume of programs. *See* 28 C.F.R. § 523.42(c)(1) ("For every thirty-day *period* that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn ten days of FSA Time Credits." (emphasis added)). This interpretation is consistent with the plain language of the statute: prisoners "earn 10 days of time credits for *every 30 days* of successful participation in evidence-based recidivism reduction *programming*." 18 U.S.C. § 3632(d)(4)(A)(i) (emphasis added). As far as this Court is aware, every court to have addressed this issue has agreed with the BOP's interpretation. *See, e.g., Marcks v. Segal*, No. 23-CV-1240 (WMW/DTS), 2023 WL 4203092, at *2 (D. Minn. June 27, 2023); *Robinson*

*v. Segal*, No. 23-CV-0888 (WMW/DTS), 2023 WL 4203169, at *2 (D. Minn. June 27, 2023); *Do v. Segal*, No. 23-CV-1599 (JWB/DTS), 2023 WL 4215043, at *1–2 (D. Minn. May 31, 2023); *Dale v. Hawkins*, No. H-22-3224, 2023 WL 2601215, at *5 (S.D. Tex. Mar. 22, 2023). And to conclude otherwise would lead to an absurd result: if enrolled in many programs, a federal prisoner serving a finite term of imprisonment could be released from custody within months.

Even if Section 3632(d)(4)(A) were ambiguous, Smith would not be entitled to habeas relief unless the BOP's interpretation were unreasonable. "The agency's view 'governs if it is a reasonable interpretation of the statute—not necessarily the only possible interpretation, nor even the interpretation deemed most reasonable by the courts.'" *Ameren Corp. v. FCC*, 865 F.3d 1009, 1012 (8th Cir. 2017) (citation omitted). For the reasons above, the BOP's interpretation of Section 3632(d)(4)(A) as awarding credits based on days spent in programming is sensible.

*Application of time credits*. Smith also argues that the BOP improperly denied her earned time credits based on her recidivism risk level. (ECF No. 1 at 2–3, 6; *see* ECF No. 1-1 at 2, 4.) The BOP declined to apply good time credits for Smith's programming because she was assessed as a medium recidivism risk at her last program review. (ECF No. 1-1 at 3.)

All eligible prisoners may earn FSA credits, *see* 18 U.S.C. § 3632(d)(4)(A), but only those whose risk recidivism levels are "minimum" or "low" are eligible for those FSA

credits to be applied to accelerate placement on supervised release. *Id.* § 3624(g)(1)(D)(i), (ii); *see id.* § 3632(d)(4)(C) (providing that eligible prisoners are "determined under 18 U.S.C. § 3624(g)"). As another court recently explained, Smith "is entitled to earn time credits . . . as she participates in programming, but she may not apply those time credits towards her release date until she reduces her recidivism score." *Matthews v. Segal*, No. 23-CV-1030 (PAM/ECW), 2023 WL 3605481, at *1 (D. Minn. May 9, 2023), *report and recommendation adopted*, 2023 WL 3604831 (D. Minn. May 23, 2023). Smith is ineligible to apply her FSA time credits because of her current medium risk recidivism level. (*See* ECF No. 6 at 2–3.) Accordingly, the Court denies Smith's petition for habeas relief.

## CONCLUSION

Based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 6) is ACCEPTED;

2. Smith's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED; and

3. The action is DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: July 24, 2023                                    BY THE COURT:

                                                        s/Nancy E. Brasel
                                                        Nancy E. Brasel
                                                        United States District Judge